UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EDWARD MARTINEZ,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　　Respondents. | Civil No.　08-1489 DMS (POR)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**REQUEST TO PROCEED IN FORMA PAUPERIS**

The request to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate. Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice.

# FAILURE TO NAME PROPER RESPONDENT

Furthermore, review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "The 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner incorrectly named the "State of California" and the "County of San Diego" as Respondents. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden currently in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

# FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254. *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c). Although Petitioner does not fail to state generalized constitutional grounds for relief, he does fails to provide coherent specific factual allegations in support of such grounds.

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *Cf. Burkey v. Deeds*, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have entire onus of creating federal claim for petitioner). The Court finds that the Petition contains conclusory, disjointed allegations without any clear specific facts in support of relief. A federal court may not entertain a petition that contains allegations which are conclusory.

1   This Court would have to engage in a tenuous analysis in order to attempt to identify and
2   make sense of the Petition and its numerous attachments. In order to satisfy Rule 2(c), Petitioner
3   must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63,
4   75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, <u>in the petition</u>, with
5   sufficient detail to enable the Court to determine, from the face of the petition, whether further
6   habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).
7   Moreover, the allegations should be sufficiently specific to permit the respondent to assert
8   appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989).
9   Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to
10  assert appropriate objections and defenses.

11  Due to Petitioner's unsatisfactory showing, the Court dismisses the action without
12  prejudice. Should Petitioner decide to file a new petition, he is advised to *clearly and succinctly*
13  state all grounds for relief using the First Amended Petition form sent to Petitioner with this
14  order.

15  **CONCLUSION**

16  For on the foregoing, the Court **DENIES** Petitioner's application to proceed in forma
17  pauperis and **DISMISSES** the Petition with leave to amend for failure to satisfy the filing fee
18  requirement, failure to name a proper respondent and failure to state grounds for relief. To have
19  the case reopened, Petitioner must, **no later than October 24, 2008**, (1) pay the filing fee or
20  provide adequate proof of his inability to pay; **and** (2) submit a First Amended Petition which
21  cures the pleading deficiencies discussed above. *For Petitioner's convenience, the Clerk of*
22  *Court shall attach to this order, a blank First Amended Petition form and a blank application*
23  *to proceed in forma pauperis form.*

24  **IT IS SO ORDERED.**

25

26  DATED: August 28, 2008

27                                                    _____
28                                                    HON. DANA M. SABRAW
                                                      United States District Judge